1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9
10
11

ANTOINE DE SEJOURNET, ADAM
HENICK, and LINDA HOLDER,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY
SITUATED,

Plaintiffs,

vs.

GOLDMAN KURLAND AND
MOHIDIN, LLP, and AHMED
MOHIDIN,

Defendants.

**Case No.: CV 13-1682 DMG (MRWx)**

**ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE [98]**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, (i) Lead Plaintiffs Antoine de Sejournet, Adam Henick and Linda
Holder ("Lead Plaintiffs"), on behalf of themselves and the putative class and (ii)
defendants Goldman Kurland & Mohidin, LLP ("GKM") and Ahmed Mohidin
("Mohidin" and together with GKM, the "Defendants") have agreed to settlement of
all claims asserted in this Litigation against all of the Defendants;

WHEREAS, that Settlement was entered into through a Stipulation of
Settlement, dated September 30, 2015 (the "Stipulation"), which is subject to review

- 1 -

1  under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the
2  exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the
3  claims alleged in the Complaint filed in the Litigation on the merits and with
4  prejudice; and

5         WHEREAS, the Court having read and considered the Stipulation, the
6  proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"),
7  the proposed "Summary Notice of Pendency and Proposed Class Action Settlement"
8  ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund
9  among Settlement Class Members, the proposed form of the Proof of Claim and
10 Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and
11 submissions made relating thereto, and finding that substantial and sufficient grounds
12 exist for entering this Order;

13        NOW, THEREFORE, IT IS HEREBY ORDERED, this 3rd day of November,
14 2015, that:

15        1.     Capitalized terms used herein have the same meanings defined in the
16 Stipulation.

17        2.     Pursuant to the Court's Order dated April 6, 2015, the Litigation was
18 certified as a class action on behalf of all persons or entities that purchased or
19 otherwise acquired the publicly traded common stock of Deer Consumer Products,
20 Inc. ("Deer") between March 31, 2009 and August 10, 2012, inclusive.  Excluded
21 from the Class are Defendants, the present and former officers and directors of Deer
22 and any subsidiary thereof, Benjamin Wey, the New York Global Group, the present
23 and former partners or employees of Defendants (the "Immediate Excluded
24 Persons"), members of the Immediate Excluded Persons' immediate families and
25 their legal representatives, heirs, successors or assigns, and any entity in which the
26 Immediate Excluded Persons have or had a controlling interest (collectively, the
27 "Excluded Persons") (the "Class").

28

3.     Pursuant to this Order, additionally excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiffs are certified as the class representative on behalf of the Settlement Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class.

5.     The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which shall be held before the Court on March 11, 2016 at 9:30 a.m. for the following purposes:

a.     to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

b.     to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Litigation on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

c.     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

d.     to consider the application of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and an Award to Lead Plaintiffs;

1           e.       to consider any Settlement Class Members' objections to the

2                  Settlement, whether submitted previously in writing or presented

3                  orally at the Final Settlement Hearing by Settlement Class

4                  Members (or by counsel on their behalf); and

5           f.       to rule upon such other matters as the Court may deem

6                  appropriate.

7       6.      The Court reserves the right to adjourn the Final Settlement Hearing to a

8 later date and to approve the Settlement with or without modification and with or

9 without further notice of any kind.  The Court further reserves the right to enter its

10 Order and Final Judgment approving the Settlement and dismissing the Complaint, on

11 the merits and with prejudice, regardless of whether it has approved the Plan of

12 Allocation or awarded any Attorneys' Fees and Expenses or Award to Lead

13 Plaintiffs.

14       7.      The Court reserves the right to approve the Settlement with such

15 modifications as may be agreed upon or consented to by the Settling Parties and

16 without further notice to the Settlement Class where to do so would not impair

17 Settlement Class Members' rights in a manner inconsistent with Rule 23 and due

18 process of law.

19       8.      The Court approves the form, substance and requirements of (a) the

20 Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits

21 to the Stipulation, subject to the Court's modifications.

22       9.      Lead Plaintiffs' Counsel has the authority to enter into the Stipulation on

23 behalf of the Settlement Class and is authorized to act on behalf of the Settlement

24 Class Members with respect to all acts or consents required by or that may be given

25 pursuant to the Stipulation or such other acts that are reasonably necessary to

26 consummate the Settlement.

27       10.     Any Settlement Class Member may enter an appearance in the Litigation

28 at his, her or its own expense, individually or through counsel of his, her or its own

1   choice.  Settlement Class Members who do not enter appearances shall be represented

2   by Lead Plaintiffs' Counsel.  Any Settlement Class Member who anticipates the need

3   and wishes to appeal any aspect of the Stipulation or Settlement should formally

4   move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

5        11.    Strategic Claims Services is approved as the Claims Administrator for

6   the Settlement.

7        12.    Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause

8   the Notice and the Proof of Claim, substantially in the forms attached to the

9   Stipulation, to be mailed, by first class mail, postage prepaid, within sixteen (16)

10   calendar days of the entry of this Order, to all Settlement Class Members who can be

11   identified with reasonable effort by the Claims Administrator.

12        13.    Lead Plaintiffs' Counsel are authorized to establish a Notice and

13   Administration Account (as defined in the Stipulation) of $100,000 (One Hundred

14   Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with

15   providing notice of the Settlement to the Settlement Class and for other reasonable

16   out-of-pocket administrative expenses.  After the Effective Date, additional amounts

17   may be transferred from the Settlement Fund to the Notice and Administration

18   Account.

19        14.    Defendants and any and all issuers, securities firms or transfer agents

20   holding transfer records which indicate the legal owners of Deer common stock

21   currently or during the Class Period are hereby ordered to produce such transfer

22   records in a usable electronic format to Lead Plaintiffs' Counsel or the Claims

23   Administrator within seven (7) calendar days of receipt of a copy of this Order.

24        15.    Lead Plaintiffs' Counsel, through the Claims Administrator, shall also

25   make all reasonable efforts to give notice to nominee owners such as brokerage firms

26   and other persons or entities who purchased Deer common stock and/or securities

27   during the Class Period.  Within seven (7) calendar days after receiving the Notice,

28   such nominee purchasers are directed to forward copies of the Notice and Proof of

1  Claim to their beneficial owners or to provide the Claims Administrator with lists of
2  the names and addresses of the beneficial owners, and in the latter case, the Claims
3  Administrator is ordered to send the Notice and Proof of Claim promptly to such
4  beneficial owners.  Additional copies of the Notice shall be made available to any
5  record holder requesting same for the purpose of distribution to beneficial owners,
6  and such record holders shall be reimbursed from the Settlement Fund, upon receipt
7  by the Claims Administrator of proper documentation, for the reasonable expense of
8  sending the Notice and Proof of Claim to beneficial owners.  In addition, promptly
9  upon execution of this Order, the Notice shall be made available for review on
10 Strategic Claims Services' website.

11      16.     Lead Plaintiffs' Counsel shall, at or before the Settlement Hearing, serve
12 upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice and
13 Proof of Claim, both to Settlement Class Members and to nominees.

14      17.     Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause
15 the Summary Notice to be published electronically once on the *GlobeNewswire* and
16 in print once in the *Investor's Business Daily* within sixteen (16) calendar days after
17 the entry of this Order.  Lead Plaintiffs' Counsel shall, at or before the Settlement
18 Hearing, serve upon Defendants' Counsel and file with the Court proof of publication
19 of the Summary Notice.   Lead Plaintiffs' Counsel shall cause the Claims
20 Administrator to establish a page on its website where information related to this
21 class action settlement can be viewed by class members (the "Website").

22      18.     The forms and methods set forth herein of notifying the Settlement Class
23 of the Settlement and its terms and conditions meet the requirements of due process,
24 Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the
25 Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation
26 Reform Act of 1995; constitute the best notice practicable under the circumstances;
27 and constitute due and sufficient notice to all persons and entities entitled thereto.  No
28 Settlement Class Member will be relieved from the terms of the Settlement, including

1    the releases provided for therein, based upon the contention or proof that such

2    Settlement Class Member failed to receive actual or adequate notice.

3              19.     In order to be entitled to participate in recovery from the Net Settlement

4    Fund after the Effective Date, each Settlement Class Member shall take the following

5    action and be subject to the following conditions:

6              a.     A properly completed and executed Proof of Claim must be

7                     submitted to the Claims Administrator, at the Post Office Box

8                     indicated in the Notice, postmarked no later than seventy-five (75)

9                     calendar days from the date of this Order.  Such deadline may be

10                    further extended by Order of the Court.  Each Proof of Claim shall

11                    be deemed to have been submitted when legibly postmarked (if

12                    properly addressed and mailed by first-class mail) provided such

13                    Proof of Claim is actually received before the filing of a motion

14                    for an Order of the Court approving distribution of the Net

15                    Settlement Fund.  Any Proof of Claim submitted in any other

16                    manner shall be deemed to have been submitted when it was

17                    actually received by the Claims Administrator at the address

18                    designated in the Notice.

19             b.     The Proof of Claim submitted by each Settlement Class Member

20                    must satisfy the following conditions:  (i) it must be properly

21                    filled out, signed and submitted in a timely manner in accordance

22                    with the provisions of the preceding subparagraph; (ii) it must be

23                    accompanied by adequate supporting documentation for the

24                    transactions reported therein, in the form of broker confirmation

25                    slips, broker account statements, an authorized statement from the

26                    broker containing the transactional information found in a broker

27                    confirmation slip, or such other documentation as is deemed

28                    adequate by the Claims Administrator or Lead Plaintiffs' Counsel;

1     (iii) if the person executing the Proof of Claim is acting in a

2     representative capacity, a certification of his current authority to

3     act on behalf of the Settlement Class Member must be provided

4     with the Proof of Claim; and (iv) the Proof of Claim must be

5     complete and contain no material deletions or modifications of

6     any of the printed matter contained therein and must be signed

7     under penalty of perjury.

8     c.    Once the Claims Administrator has considered a timely-submitted

9     Proof of Claim, it shall determine whether such claim is valid,

10     deficient or rejected.  For each claim determined to be either

11     deficient or rejected, the Claims Administrator shall send a

12     deficiency letter or rejection letter as appropriate, describing the

13     basis on which the claim was so determined.  Persons who timely

14     submit a Proof of Claim that is deficient or otherwise rejected

15     shall be afforded a reasonable time (at least ten (10) calendar

16     days) to cure such deficiency if it shall appear that such deficiency

17     may be cured.

18     d.    For the filing of and all determinations concerning their Proof of

19     Claim, each Settlement Class Member shall submit to the

20     jurisdiction of the Court.

21    20.   All Settlement Class Members who do not submit valid and timely

22 Proofs of Claim will be forever barred from receiving any payments from the Net

23 Settlement Fund, but will in all other respects be subject to and bound by the

24 provisions of the Stipulation and the Order and Final Judgment, if entered.

25    21.   Settlement Class Members shall be bound by all determinations and

26 judgments in the Litigation, whether favorable or unfavorable, unless such persons

27 request exclusion from the Settlement Class in a timely and proper manner, as

28 hereinafter provided.  A Settlement Class Member wishing to make such request shall

mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than fourteen (14) calendar days prior to the Final Settlement Hearing or February 26, 2016, to the addresses listed in the Notice.  Such request for exclusion shall clearly indicate the name, address, phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person.  Such persons requesting exclusion are also required to specify all their purchases and sales of Deer common stock and/or securities during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Lead Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22.    Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

23.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiffs, only if such comments or objections and any supporting papers are received at least fourteen (14) calendar days prior to the Settlement Hearing, by service upon each of the following:

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1

2

3 **COUNSEL FOR DEFENDANTS:**

4 John W. Sheller, Esq.

5 HINSHAW & CULBERTSON LLP

6 11601 Wilshire Blvd.
Suite 800

7 Los Angeles, CA 90025

8

9 Attendance at the Settlement Hearing is not necessary but persons wishing to be

10 heard orally in opposition to the Settlement, the Plan of Allocation, and/or the

11 application for Attorneys' Fees and Expenses or Award to Lead Plaintiffs are

12 required to indicate in their written objection (or in a separate writing that is

13 submitted in accordance with the deadline and after instruction pertinent to the

14 submission of a written objection) that they intend to appear at the Settlement

15 Hearing and identify any witnesses they may call to testify or exhibits they intend to

16 introduce into evidence at the Settlement Hearing.  Settlement Class Members do not

17 need to appear at the Settlement Hearing or take any other action to indicate their

18 approval.  Lead Plaintiffs' Counsel shall provide a copy of all objections to the Court

19 at the time of filing of the motion for final approval of the Settlement.

20      24.    Any Settlement Class Member who does not object in the manner

21 prescribed above shall be deemed to have waived all such objections and shall

22 forever be foreclosed from making any objection to the fairness, adequacy or

23 reasonableness of the Settlement, the Order and Final Judgment to be entered

24 approving the Settlement, the Plan of Allocation, and/or the application for an award

25 of Attorneys' Fees and Expenses and a payment to Lead Plaintiffs.

26      25.    The Court reserves the right to adjourn the Settlement Hearing or any

27 adjournment thereof without any further notice other than entry of an Order on the

28

1   Court's docket, and to approve the Settlement without further notice to the Settlement
2   Class.

3       26.   All papers in support of the Settlement, the Plan of Allocation and any
4   application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs (the "Fee
5   Application") shall be filed and served twenty- eight (28) calendar days before the
6   Settlement Hearing.  Lead Plaintiffs shall contemporaneously upload a copy of the
7   Fee Application onto the Website.

8       27.   Any submissions filed in response to any objections or in further support
9   of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or
10  Expenses or a payment to Lead Plaintiffs shall be filed no later than seven (7)
11  calendar days prior to the Settlement Hearing.

12      28.   Pending final determination of whether the Settlement should be
13  approved, all Settlement Class Members, and each of them, and anyone acting or
14  purporting to act for any of them, shall be enjoined from prosecuting, attempting to
15  prosecute, or assisting others in the prosecution of, any Settled Claims.  In addition,
16  the Litigation is stayed.

17      29.   Neither the Stipulation, nor any of its terms or provisions, nor any of the
18  negotiations or proceedings connected with it, shall be construed as an admission or
19  concession by Lead Plaintiffs regarding the merits of the claims made in the
20  Litigation.  Neither the Stipulation nor any of the terms and provisions of the
21  Settlement set forth therein, nor any statements made, acts performed or documents
22  executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the
23  Settlement:  (i) is or may be deemed to be or may be used as an admission of, or
24  evidence of, the validity or truth of any of the allegations in the Litigation or the
25  validity of any of the Released Claims, or of any fault, wrongdoing or liability of any
26  of the Defendants and their Related Parties; or (ii) is or may be deemed to be or may
27  be used as an admission of, or evidence of, any fault or omission of any of the
28

1  Defendants and their Related Parties in any civil, criminal or administrative

2  proceeding in any court, administrative agency or other tribunal.

3          30.    In the event the Settlement is not consummated pursuant to its terms, the

4  Stipulation, except as otherwise provided therein, including any amendment(s)

5  thereto, and this Order, shall be null and void, of no further force or effect, and

6  without prejudice to any Settling Party, and may not be introduced as evidence or

7  referred to in any action or proceedings by any person or entity, and each party shall

8  be restored to his, her or its respective position as it existed before the execution of

9  the Stipulation, pursuant to the terms of the Stipulation.

10          The Court retains exclusive and specific jurisdiction over the action to consider

11          all further matters arising out of, or relating to, the Settlement, including by

12          way of illustration and not limitation, any dispute concerning any Proof of

13          Claim filed by any Settlement Class Member and any future requests by one or

14          more of the Settling Parties that the Final Order and Judgment, the Release

15          and/or the permanent injunction set forth in the Stipulation be enforced.

16          Notwithstanding the foregoing, by entering into the Stipulation and Settlement,

17          the Settling Parties shall not be deemed to be have submitted generally to the

18          jurisdiction of the Court or for any purpose other than as set forth in this

19          paragraph.

20

21  DATED:  November 3, 2015          _____

                                                                    DOLLY M. GEE

22                                                       UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28