1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

ANTOINE DE SEJOURNET, ADAM HENICK, and LINDA HOLDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

　　　　Plaintiffs,

　　　　vs.

GOLDMAN KURLAND AND MOHIDIN, LLP, and AHMED MOHIDIN,

　　　　Defendants.

Case No.: 13-cv-1682-DMG (MRWx)


**ORDER AWARDING LEAD COUNSEL ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES [105]**

22
23
24
25
26
27
28

　　　WHEREAS, the Court has granted final approval to Settlement of the above-referenced class action;

　　　WHEREAS, Lead Counsel, The Rosen Law Firm, P.A., appointed by the Court as Class Counsel for the purposes of the Settlement, has petitioned the Court for an award of attorneys' fees in compensation for the services provided to Lead Plaintiffs and the Class, and reimbursement of expenses incurred in connection with the

prosecution of this action, to be paid out of the Settlement Fund established pursuant to the Settlement; and

WHEREAS, the Court has reviewed the fee application and the supporting materials filed therewith, and has heard the presentation made by Lead Counsel during the final approval hearing, and due consideration having been had thereon.

NOW, THEREFORE, it is hereby ordered:

1.      Lead Counsel are awarded $475,000 as attorneys' fees in this Action, consistent with Paragraph H(1) of the [Amended] Stipulation and Agreement of Settlement [Doc. # 102-1].

2.      The expenses of Lead Counsel shall be reimbursed out of the Settlement Fund in the amount of $79,762.41.

3.      Except as otherwise provided herein, the attorneys' fees and reimbursement of expenses shall be paid in the manner and procedure provided for in [Amended] Stipulation and Agreement of Settlement, filed November 3, 2015 [Doc. # 102-1].

4.      Lead Plaintiffs shall be awarded $10,000 each for incentive awards and reimbursement for their lost time in connection with their prosecution of this action.

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      the Settlement has created a fund of $1,425,000 in cash, plus interest to be earned thereon, and Class members who file timely and valid claims will benefit from the Settlement created by Lead Counsel;

(b)      over 33,404 copies of the Notice were disseminated to putative class members indicating that at the March 11, 2016 final approval hearing, Lead Counsel intended to seek a fee of up to $33^{1/3}\%$ of the Settlement Fund in attorneys' fees, and reimbursement of their litigation expenses in an amount not to exceed $100,000;

(c)     the Summary Notice was published in *Investor's Business Daily* as required by the Court, and one objection was filed against either the terms of the proposed Settlement or the ceiling on fees and expenses to be requested by Lead Counsel, but the Court overrules this objection;

(d)     Lead Counsel have conducted this litigation and achieved the Settlement;

(e)     the litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing on and in the absence of a Settlement, the Action would have continued to involve complex factual and legal questions;

(f)     if Lead Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery;

(g)     Lead Counsel have devoted over 460.8 hours of professional time to the prosecution of this action, with a lodestar value of $262,403.10 to achieve the Settlement; and

(h)     the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with the awards in similar cases.

**IT IS SO ORDERED.**

DATED:  March 18, 2016                          _____

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE